MALBA ASSOCIATION, Respondent, v. THERESE V. HYNDS, Appellant.— On the court's own motion, the decision of this court handed down on November 29, 1935 (*ante*, p. 638), is hereby amended to read as follows: Appeal, with leave of this court, from an order of the Appellate Term which affirmed an order of the City Court, County of Queens, granting, upon reargument, plaintiff's motion to set aside the verdict of a jury in favor of the defendant and to grant a new trial. Order of the Appellate Term unanimously affirmed, with twenty-five dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

EVE MANDELBERG, Respondent, v. NATHAN LAMPERT, INC., Sometimes Also Known as NATHAN LAPERT, INC., Appellant, and THE BROOKLYN SAVINGS BANK, Defendant.— In an action to reforeclose a mortgage on real property, order denying the appellant's motion to dismiss the complaint upon the payment of the taxable costs to date and all arrears of interest, taxes and water rents, as the same may be determined by the court, reversed upon the law and the facts, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and the matter remitted to the Special Term to determine the amount of such taxable costs and the amounts necessary to be paid by the appellant to remedy its defaults. In our opinion, no tender by the appellant to the respondent was necessary because it appears that, if made, it would not have been accepted by the respondent. (*Mahnk* v. *Blanchard*, 233 App. Div. 555, and cases cited on p. 561.) Order granting judgment and the interlocutory judgment reversed on the law, without costs, and motion for judgment denied. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

MANUFACTURERS TRUST COMPANY, as Trustee under Deed of Trust of JOSEF HOFMANN, Dated June 4, 1926, for MARIE HOFMANN and JOSEFA HOFMANN, Appellant, v. EMMA EPSTEIN and Others, Defendants; ISAAC STOLLER, Receiver, Respondent.— Order in so far as it confirms the report of official referee and directs plaintiff to pay receiver's commission, fee of attorney for receiver, and outstanding unpaid bills of the receiver, being amounts in excess of the receipts of the receiver, reversed on the law and the facts, without costs, and matter remitted to the official referee mentioned in the order to take proof of the real controversy between the parties, as indicated by the petition and affidavits submitted by the receiver on the motion to settle the receiver's accounts, and the affidavit in opposition thereto, and to report thereon to the Special Term. Lazansky, P. J., Young, Hagarty, Carswell and Johnston, JJ., concur.